**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JESUS NAVARRO; JESUS MURILLO; ROGELIO PERES BARAJAS; and RUBEN REYES, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAN DRYWALL, INC., an Arizona corporation; MICHAEL NELSON BEAN; PATRICIA ANN BEAN; MICHAEL SALES; CONTRACTORS BONDING & INSURANCE COMPANY, a Washington corporation; DOES 1 through 50,<br><br>Defendants. | No. CV-06-02096-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants' Motion to Dismiss Plaintiffs Who Failed to Appear for Deposition (Dkt. # 131), Defendants' Motion to Dismiss Five Non-Participating Plaintiffs (Dkt. # 155), Defendants' Motion for Partial Summary Judgment (Dkt. # 133), Plaintiffs' Response to these motions, which the Court partially construes as a Motion for Voluntary Dismissal (Dkt. # 162), Defendants' Motion to Dismiss Non-Participating and Duplicative Plaintiffs (Dkt. # 181), and Plaintiffs' Response to Defendants' Motion to Dismiss Non-Participating and Duplicative Plaintiffs, which the Court partially

construes as a Motion for Voluntary Dismissal (Dkt. # 190). The Court will address each motion in turn.

Plaintiffs Jesus Navarro, Jesus Murillo, Rogelio Perez, and Ruben Reyes filed this civil action against their employer, Defendant Bean Drywall, on behalf of themselves and other individuals similarly situated. (Dkt. # 21.) They claim that they have been "denied required wages, and/or have been terminated or discharged and denied wages owed to them by Employer Defendants in violation of Arizona Revised Statute 23-353." (Dkt. # 12 at 7-8.) Since the original complaint was filed, a large number of additional plaintiffs have opted into this lawsuit. (*See, e.g.*, Dkt. # 32.) The motions before the Court seek to narrow the class of Plaintiffs to those who are complying with required discovery requests.

**DISCUSSION**

**I.      Defendants' Motions to Dismiss Plaintiffs Who Failed to Appear for Depositions**

On March 11, 2009, Defendants served Notices of Deposition upon twenty-two opt-in plaintiffs. Of the twenty-two served, the following plaintiffs failed to appear for their scheduled depositions: Nicolas Ruiz Garcia (Dkt. # 99), Gustavo Ruiz Garcia (Dkt. # 100), Juan Carlos "Garcia" Rodriguez (Dkt. # 102), Placido Alonso Gutierrez (Dkt. # 107), Rigoberto Bretado (Dkt. # 110), and Enrique Lopez (Dkt. # 111). On March 11, 2009, March 13, 2009, April 17, 2009, April 30, 2009, and May 19, 2009, Defendants served Notices of Deposition on the following additional opt-in plaintiffs: Aurelio Martinez Salgado (Dkt. # 117), Baltasar Morino-Morales (Dkt. # 109), Arturo Blanco Chavez (Dkt. # 145), Mario Villegas Perez (Dkt. # 145), Pablo Alejo Aguilar (Dkt. # 145), Geovanny Ayala (Dkt. # 138), Nicolas Martinez (Dkt. # 159), Salvador Santana (Dkt. # 146), Radiel Torales (Dkt. # 144), and Armando Lujan (Dkt. # 145). These opt-in plaintiffs also failed to appear at their scheduled depositions. Defendants now move to dismiss these sixteen plaintiffs with prejudice pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. (Dkt. ## 131, 155, 181.)

Under Rule 37(d)(1), a court may, upon motion, sanction a party for failing to appear for its own deposition. The available sanctions include "dismissing the action or proceeding

1  in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Generally, when deciding whether
2  dismissal is a proper sanction, a court should consider: "1) the public's interest in expeditious
3  resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to
4  the party seeking sanctions; 4) the public policy favoring disposition of cases on their merits;
5  and 5) the availability of less drastic sanctions." *See Valley Eng'rs, Inc. v. Elec. Eng'g Co.*,
6  158 F.3d 1051, 1057 (9th Cir. 1998); *see also Stafford v. City of San Diego*, No. 06-CV-0398
7  H(BLM), 2007 WL 2462133, at *1 (S.D. Cal. Aug. 27, 2007) (applying this standard to a
8  Rule 37(b) motion). However, both parties have agreed that dismissal is the proper sanction
9  for the sixteen opt-in plaintiffs. (*See* Dkt. # 162 at 2 ("As to all pending motions . . .[w]e do
10 not oppose dismissal without prejudice of those plaintiffs."); *see also* Dkt. # 190 at 1
11 ("Plaintiffs agree to the dismissal without prejudice of the following plaintiffs . . .).) The only
12 remaining question is whether the opt-in plaintiffs will be dismissed with prejudice as
13 requested by Defendants.
14     The fifth factor illustrates the general legal trend encouraging courts to employ the
15 least drastic sanction that will effectively correct a party's noncompliance. *See, e.g.*,
16 *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) ("The district judge should first
17 consider less drastic alternatives . . . ."). "What is most critical for case-dispositive sanctions
18 . . . is whether the discovery violations threaten to interfere with the rightful decision of the
19 case." *Valley Eng'rs*, 158 F.3d at 1057 (quoting *Adriana Int'l Corp. v. Theoren*, 913 F.2d
20 1406, 1412 (9th Cir. 1990)). Accordingly, motions to dismiss with prejudice are generally
21 granted where the interference with discovery involves acts of bad faith or intentional
22 deception. *See, e.g.*, *id.* at 1051 (upholding a district court's order dismissing an action with
23 prejudice where the defendants were found to have intentionally withheld a "smoking gun"
24 document from a discovery production). Here, Plaintiffs assert that the failure to comply
25 with the discovery requests was most likely due to "the transitory nature of construction
26 workers," which has made it impossible for Plaintiffs' counsel to notify the sixteen named
27 plaintiffs of the dates and times of their depositions. (Dkt. # 162 at 2.) Additionally, the
28 noncompliance with Defendants' discovery requests here have not "threaten[ed] to interfere

with the rightful decision of the case." *Valley Eng'rs*, 158 F.3d at 1057 (finding that the withholding of "smoking gun" document during discovery was the type of act that would interfere with the rightful decision of a case, and upholding the district court's order dismissing the action with prejudice). Defendants argue that if these plaintiffs are not dismissed with prejudice, they would be "free to initiate litigation, inflict costs and attorney's fees upon [D]efendants, violate the discovery obligations as parties to litigation, . . . and . . . start the process all over again." (Dkt. # 178 at 4.) However, Defendants offer no evidence of bad faith, dishonesty, or obstruction. Therefore, the following sixteen opt-in plaintiffs will be dismissed without prejudice from this action: Nicolas Ruiz Garcia, Gustavo Ruiz Garcia, Juan Carlos "Garcia" Rodriguez, Placido Alonso Gutierrez, Rigoberto Bretado, Enrique Lopez, Aurelio Martinez Salgado, Baltasar Morino-Morales, Arturo Blanco Chavez, Mario Villegas Perez, Pablo Alejo Aguilar, Geovanny Ayala, Nicolas Martinez, Salvador Santana, Radiel Torales, and Armando Lujan.

**II. Voluntary Dismissal of Additional Opt-In Plaintiffs Listed in Plaintiffs' Responses**

In their Responses, Plaintiffs consent to the dismissal without prejudice of an additional six opt-in plaintiffs that were not included in Defendants' motions. These plaintiffs are: Carlos Cruz, Juan Jimenez, Jose Samuel R. Lopez, Ricardo Maldonado, Jr., Alejandro Rodriguez, and Juan Manuel Rodriguez. The Court construes their inclusion on these lists as motions to voluntarily dismiss these six opt-in plaintiffs. Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, which governs voluntary dismissal by a plaintiff, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1). As such, the motions are granted and the following six opt-in plaintiffs are hereby dismissed without prejudice: Carlos Cruz, Juan Jimenez, Jose Samuel R. Lopez, Ricardo Maldonado, Jr., Alejandro Rodriguez, and Juan Manuel Rodriguez.

**III. Defendants' Motion for Partial Summary Judgment**

Defendants served requests for admission upon a number of opt-in plaintiffs, the first of which stated: "Admit that you have never been employed by Bean Drywall." (Dkt. # 134

Ex. 3 at 21.)¹ The following fifteen opt-in plaintiffs failed to respond to these requests for admission, and Defendants now move for summary judgment against them: Victor Rodelo, Alejandro Dominges, Alfredo Rodriguez, Emigidio Perez Torres, Jose Loya Sotelo, Juan Gaspar, Luis Flores, Martin Tovar, Rafael Leyva Gutierrez, Raul Flores, Adan Rodriguez Martinez, Alejandro Reyes Patino, Juan Jimenez Hernandez, Adan Morales Marquillo, and Juan Ramirez. (Dkt. # 133 at 2.)

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Requests for admissions that go unanswered may be relied upon as a basis for summary judgment. *See Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Under Federal Rule of Civil Procedure 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "A matter admitted under this rule is conclusively established . . . ." Fed. R. Civ. P. 36(b).

Plaintiffs do not dispute that the fifteen named opt-in plaintiffs failed to respond to the requests for admission. Therefore, pursuant to Rule 36(b), the fact that none of the aforementioned opt-in plaintiffs have ever worked for Bean Drywall has been conclusively

---

¹ The four remaining requests for admissions are as follows:

> (2) Admit that, during your employment with Bean Drywall, you never worked more than 40 hours in a single workweek . . . ; (3) Admit that you are not owed any overtime wages for hours worked during your employment with Bean Drywall . . . ; (4) Admit that you are not owed any compensation by Bean Drywall for travel time you performed during your employment with Bean Drywall . . . ; [and] (5) Admit that Bean Drywall paid you all wages owed to you no later than the end of your employment with Bean Drywall or the next regular payday after the end of your employment with Bean Drywall . . . .

(Dkt. # 134 at 21.)

established. Because the Complaint seeks to recover the overtime wages that Defendants allegedly failed to pay its employees, it is necessary that the opt-in plaintiffs were once employed by Defendants. In light of Rule 36, there is no genuine issue about the fact that the fifteen opt-in plaintiffs have never worked for Bean Drywall, and, as a matter of law, they cannot succeed in their legal claim against Defendants. Therefore, Defendants are entitled to summary judgment against the following fifteen opt-in plaintiffs: Victor Rodelo, Alejandro Dominges, Alfredo Rodriguez, Emigidio Perez Torres, Jose Loya Sotelo, Juan Gaspar, Luis Flores, Martin Tovar, Rafael Leyva Gutierrez, Raul Flores, Adan Rodriguez Martinez, Alejandro Reyes Patino, Juan Jimenez Hernandez, Adan Morales Marquillo, and Juan Ramirez.

The Court recognizes that the dismissal of some opt-in plaintiffs without prejudice and the granting of summary judgment against others allows the former group the ability to reassert claims against Defendants in the future, while the latter group will be barred from doing so. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2712 (3d ed. 1998) ("A summary judgment motion goes to the merits of the case and . . . a granted motion operates to merge or bar the cause of action for purposes of claim and issue preclusion."). Rule 36 requests for admissions do not constitute discovery, "since [Rule 36] presupposes that the party proceeding under it knows the facts . . . and merely wishes its opponent to concede their genuineness." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2253 (2d ed. 1994). Additionally, their purpose is not to discover unknown activities in order to prove the elements of a claim at trial, but to "facilitate proof with respect to issues that cannot be eliminated from the case, and, second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted). Therefore, the Court is not able to treat the failure to respond to the requests for admissions as a failure to comply with a discovery request and impose Rule 37(b) sanctions. Instead, the Federal Rules of Civil Procedure make clear that the failure to respond to a request for admission within 30 days conclusively establishes the facts

contained therein that are not denied. Fed. R. Civ. P. 36(a). Summary judgment must consequently be granted.

There have been cases in which parties have not responded to requests for admission because they did not personally receive the requests. *See, e.g.*, *In Re Mack*, 330 F. Supp 737 (S.D. Tex. 1970); *Freed v. Plastic Packing Materials, Inc.*, 66 F.R.D. 550 (E.D. Pa. 1975). In these cases, courts have generally held that

> all parties have an obligation to keep the Court advised of a current address for the service of papers, either to counsel or to the party directly. One who does not do so should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which our Rules allow.

*Freed*, 66 F.R.D. at 552. Here, the requests for admission were properly served upon the opt-in plaintiffs' attorney pursuant to Federal Rule of Civil Procedure 5(b)(1). Under *Freed*, Defendants are not responsible for the personal receipt of each document by each individual opt-in plaintiff. It is the responsibility of each opt-in plaintiff to participate actively in his or her own lawsuit, part of which includes making all necessary persons aware of how he or she may be contacted. As such, any argument for denying summary judgment based on the opt-in plaintiffs' failure to receive the requests for admission is invalid.

**IV.     Defendants' Motion to Dismiss Duplicative Plaintiffs**

Upon the submission of Plaintiffs' Supplemental Memorandum (Dkt. # 179), Defendants filed their Motion to Dismiss Non-Participating and Duplicative Plaintiffs (Dkt. # 181). In their Response (Dkt. #190), Plaintiffs argue that, instead of dismissing the duplicative plaintiffs, their alphabetical reference labels should be "consolidated" so as to avoid "any future confusion as [t]o the status of these plaintiffs." (Dkt. # 190 at 2). Additionally, Plaintiffs consent to the "consolidation" of a number of duplicative opt-in plaintiffs for which Defendants have requested dismissal. The Court adopts the Plaintiffs' terminology and consolidates the following opt-in plaintiffs to which Plaintiffs have consented:

1. Juan Bermudez (AAAAA and N) shall be Juan Bermudez (N)
2. Cesar T. Perez (OOOO, IIIII, and XX) shall be Cesar T. Perez (XX)

3. Rogelio P. Reyes (III and PPPPP) shall be Rogelio P. Reyes (III)[2]

4. Ruben Reyes (Named Plaintiff, JJJ and RRRRR) shall be Ruben Reyes (Named Plaintiff).

Defendants also move for the dismissal of the alternate identities of Alejandro Dominguez and Alejandro Reyes. Both of these opt-in plaintiffs have at least one alternate name that has been assigned its own alphabetical opt-in reference label. Alejandro Dominguez (DDDD) is the same person as Adan Rodriguez Martinez (XXXX) and Jorge Martinez (YYYY). Alejandro Reyes (MMMMM) is the same person as Alejandro Reyes Patino (EEE). In this Order, the Court grants summary judgment against both Adan Rodriguez Martinez (XXXX) and Alejandro Reyes Patino (EEE). "A summary judgment motion goes to the merits of the case and . . . a granted motion operates to merge or bar the cause of action for purposes of claim and issue preclusion." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). When the Court grants summary judgment against a person, summary judgment is entered against that person regardless of the person's varying names or opt-in reference labels. As such, judgment was entered against Adan Rodriguez Martinez (XXXX), Alejandro Reyes Patino (EEE), Alejandro Dominguez (DDDD), Jorge Martinez (YYYY), and Alejandro Reyes (MMMMM).

Defendants also move for the dismissal of the duplicative alphabetical opt-in reference labels of Alejandro Domingues, Alfredo Rodriguez, Rafael Leyva Gutierrez, and Emigidio Perez Torres. As discussed above, Alejandro Dominguez is the same person as Adan Rodriguez Martinez and Jorge Martinez, and accordingly, judgment has been entered against him. In this Order, additionally, the Court has granted summary judgment against Alfredo

---

[2] Defendants' Motion to Dismiss Non-Participating and Duplicative Plaintiffs (Dkt. # 181), lists Rogelio P. Reyes as both "PPPPP" and "F." The Court understands this to be a typographical error, as Plaintiff "F" is Rogelio Perez, who is a duplicate of "QQQQ."

- 8 -

Rodriguez, Rafael Leyva Gutierrez, and Emigidio Perez Torres.[3] As such, judgment was entered against the following: Alfredo Rodriguez (QQQQ and WWWWW), Rafael Leyva Gutierrez (UUUUU and IIII), and Emigidio Perez Torres (SSSS and ZZZZZ).

Defendants have also moved for the dismissal of the duplicative alphabetical opt-in reference labels of Jose Larios, Gustavo Reyes, and Jose Luis Reyes, opt-in plaintiffs that were dismissed in the Order granting summary judgment of June 17, 2008 (Dkt. # 82.) In response, Plaintiffs argue that the aforementioned plaintiffs opted-in to the lawsuit a second time before the June 17, 2008 Order was filed, and since the Order did not specify that the dismissal was with prejudice, the opt-in plaintiffs should be considered active participants in the litigation. (Dkt. # 190 at 2.)

"A summary judgment motion goes to the merits of the case and . . . a granted motion operates to merge or bar the cause of action for purposes of claim and issue preclusion." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). Thus, the order granting summary judgment against the aforementioned plaintiffs (Dkt. # 82) bars those opt-in plaintiffs from bringing the same claim against Defendants in the future. As judgment has been entered against Jose Larios, Gustavo Reyes, and Jose Luis Reyes, these individuals are barred from opting-in to the litigation again, and their duplicative alphabetical opt-in reference labels[4] are of no effect.

Finally, Defendants request the dismissal of opt-in plaintiff Martin Murillo on the grounds that "Plaintiff failed to apprise the Court of the status of Martin Murillo." (Dkt. #

---

[3] The Court recognizes that, in their Motion to Dismiss Non-Participating and Duplicative Plaintiffs, Defendants have claimed that these three opt-in plaintiffs failed to appear for their depositions. (Dkt. # 181 at 3.) However, in their previous Motion for Partial Summary Judgment (Dkt. # 133), Defendants assert that these plaintiffs failed to respond to Defendant's Requests for Admissions. Because the Court grants Defendants' Motion for Partial Summary Judgment (Dkt. # 133), the Court does not address the additional allegations that these opt-in plaintiffs failed to appear for their depositions.

[4] Jose Larios (GG and NNNNN), Gustavo Reyes (FFF and OOOOO), and Jose Luis Reyes (SSSSS and GGG).

1 | 181 at 6.) However, Plaintiffs contend that it was through a mere clerical error that his status
2 | does not appear on Exhibit A of their Supplemental Memorandum, and point out that he is
3 | correctly identified as "Active" in Exhibits B and C. Because Defendants offer no evidence
4 | that Mr. Murillo is inactive, and because he is indeed identified as "Active" elsewhere in the
5 | Supplemental Memorandum, Defendants' motion to dismiss Mr. Murillo is denied.
6 | However, Mr. Murillo's opt-in form "TTTTT" will be consolidated with form "NNNN."

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motions for Dismissal (Dkt. ## 131, 155) are **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. # 133), and Plaintiffs' Motions for Voluntary Dismissal (Dkt. ## 162, 190) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Non-Participating and Duplicative Plaintiffs (Dkt. # 181) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the following opt-in plaintiffs are dismissed without prejudice:

    Nicolas Ruiz Garcia (BB)

    Gustavo Ruiz Garcia (Z)

    Juan Carlos "Garcia" Rodriguez (KKK)

    Placido Alonso Gutierrez (CC)

    Rigoberto Bretado (Q)

    Enrique Lopez (JJ)

    Aurelio Martinez "Salgado" (OO)

    Baltasar Marino-Morales (AAAAA)

    Arturo Blanco "Chavez" (P and "Complaint")

    Mario Villegas Perez (DDDDD)

    Pablo Alejo Aguilar (ZZZ)

1. Geovanny Ayala (E)
2. Nicolas Martinez (PP)
3. Salvador Santana (RRR)
4. Radiel Torales (VVV)
5. Armando Lujan (LLLL)
6. Carlos Cruz (No Alphabetical Opt-In Reference Label)
7. Juan Jimenez (KKKK)
8. "Jose" Samuel R. Lopez (KKKKK)
9. Ricardo Maldonado, Jr.(No Alphabetical Opt-In Reference Label)
10. Alejandro Rodriguez (Not listed in any exhibit)
11. Juan Manuel Rodriguez (LLL)

**IT IS FURTHER ORDERED** that judgment is entered against the following opt-in plaintiffs:

14. Victor Rodelo (GGGGG)
15. Alejandro Dominges (XXXXX and DDDD)
16. Alfredo Rodriguez (QQQQ and WWWWW)
17. Emigidio Perez Torres (SSSS and ZZZZZ)
18. Jose Loya Sotelo (RRRR)
19. Juan Gaspar (HHHH)
20. Luis Flores (EEEE)
21. Martin Tovar (TTTT)
22. Rafael Leyva Gutierrez (UUUUU and IIII)
23. Raul Flores (FFFF)
24. Adan Rodriguez Martinez (XXXX)
25. Alejandro Reyes Patino (MMMMM)
26. Juan Jimenez Hernandez (BBBBBB)
27. Adan Morales Marquillo (MMMM and VVVVV)
28. Juan Ramirez (CCCCCC)

1. Jorge Martinez (YYYY)
2. Alejandro Reyes (EEE)
3. Jose Larios (GG and NNNNN)
4. Gustavo Reyes (FFF and OOOOO)
5. Jose Luis Reyes (SSSSS and GGG)

**IT IS FURTHER ORDERED** consolidating the following duplicative opt-in plaintiffs:

- Juan Bermudez (AAAAA and N) shall be Juan Bermudez (N)
- Cesar T. Perez (OOOO, IIIII, and XX) shall be Cesar T. Perez (XX)
- Rogelio P. Reyes (III and PPPPP) shall be Rogelio P. Reyes (III)
- Ruben Reyes (Named Plaintiff, JJJ and RRRRR) shall be Ruben Reyes (Named Plaintiff)
- Martin Murillo (NNNN and TTTTT) shall be Martin Murillo (NNNN)

**IT IS FURTHERED ORDERED** that the parties confer and file a Joint List of Active Plaintiffs with the Court before **5:00 P.M.** on **AUGUST 31, 2009**.

DATED this 31st day of July, 2009.

*G. Murray Snow*
United States District Judge